## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Eyal Balva, individually and on behalf of the estate of Omer Balva, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:25-cv-266 |
| vs. | ) ) | **ORDER** |
| Binance Holdings Limited, et al., | ) ) ) | |
| Defendants. | ) ) | |

Plaintiffs move for an order directing the Clerk to serve defendant Binance Holdings Limited's registered agent in the Cayman Islands. (Doc. 12). Federal Rule of Civil Procedure 4(h)(2) permits service on a foreign corporation "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."

Rule 4(f)(1) permits service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." "[I]n cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." <u>Water Splash, Inc. v. Menon</u>, 581 U.S. 271, 284 (2017). Service by mail is permitted by Article 10(a) of the Hauge Convention and "the Cayman Islands is a signatory to the Hague Convention and has not objected to service by mail." <u>Perlman v. Grant Thornton Cayman Islands</u>, No. 1:24-cv-20188-KMM, 2024 WL 1406351, at *1 (S.D. Fla. Feb. 1, 2024) (collecting cases). Plaintiffs may therefore serve defendant Binance Holdings Limited through mail.

See id. at *3 (permitting the plaintiff to serve the defendant, located in the Cayman Islands, by mail); see also Clayton v. Does, No. C24-0182JLR, 2024 WL 4277846, at *1 (W.D. Wash. Sept. 24, 2024) (stating the plaintiffs had been permitted to serve a third-party subpoena via mail on Binance Holdings Limited in the Cayman Islands).

While plaintiffs recognize that, under similar circumstances, courts have held service on a foreign corporation by mail under Rule 4(f)(1) is permitted, plaintiffs request service under Rule 4(f)(2)(C)(ii) in "an abundance of caution," citing two district court cases requiring service under Rule 4(f)(2)(C)(ii). (Doc. 12, p. 3 n.2). Rule 4(f)(2)(C)(ii) states that "if there is no internationally agreed means, or if an international agreement allows but does not specify other means," service may be accomplished "by a method that is reasonably calculated to give notice," including "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt" unless "prohibited by the foreign country's laws." Service by mail is not prohibited by the Cayman Islands, and courts have approved service on international parties under Rule 4(f)(2). Perlman, 2024 WL 1406351, at *2 (authorizing the plaintiff to serve the Cayman Islands defendant under Rules 4(f)(1), 4(f)(2), and 4(f)(3)).

While plaintiffs could serve the summons and complaint on Binance Holdings Limited, the court will permit service under Rule 4(f)(2) provided the court incurs no expense in connection with the service. Plaintiffs state their counsel will print the documents and provide a pre-paid and pre-addressed FedEx envelope to the Clerk, (Doc. 12, p. 5), and they are directed to do so after conferring with the Clerk. If the Clerk concludes sufficient arrangements have been made, the Clerk is directed to serve Binance Holdings Limited at the address provided in plaintiffs' motion. Plaintiffs will be

required to file proof of service as required by the Federal Rules of Civil Procedure, and Binance Holdings Limited's answer or other response will be due in accordance with the Federal Rules of Civil Procedure.

Plaintiffs motion, (Doc. 12), is **GRANTED** as described in this order.

**IT IS SO ORDERED**.

Dated this 6th day of January, 2026.

/s/ Alice R. Senechal
Alice R. Senechal
United States Magistrate Judge