UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| EYAL BALVA, *et al.*,<br><br>                Plaintiffs,<br><br>v.<br><br>BINANCE HOLDINGS LIMITED, *et al.*,<br><br>                Defendants. | No. 3:25-cv-266-PDW-ARS |

## DECLARATION OF CHRISTOPHER N. LAVIGNE IN SUPPORT OF BINANCE HOLDINGS LIMITED'S MOTION TO DISMISS

Christopher N. LaVigne hereby declares under 28 U.S.C. § 1746 as follows:

1.    I am a member of the bar of the State of New York and a Partner at the law firm Withers Bergman LLP, and I am admitted *pro hac vice* as counsel for Defendant Binance Holdings Limited ("BHL") in the above-captioned action. I submit this declaration in support of BHL's Motion to Dismiss in order to place before the Court certain documents that are referenced in the accompanying Memorandum of Law in Support of BHL's Motion to Dismiss, provide information regarding service of process in this case, and provide information regarding recent proceedings in a related case. I have personal knowledge of the facts stated herein.

2.    Annexed hereto as Exhibit 1 is a true and correct copy of the Financial Crimes Enforcement Network ("FinCEN") Consent Order between FinCEN and BHL, dated November 21, 2023, which is available at https://www.fincen.gov/sites/default/-files/enforcement_action/2023-11-21/FinCEN_Consent_Order_2023-04_FINAL508.pdf. The FinCEN Consent Order is referenced repeatedly in the Complaint. (*See, e.g.*, Compl. ¶¶ 284, 367, 697-70, 383, 421.)

3.     Annexed hereto as Exhibit 2 is a true and correct copy of the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") Settlement Agreement between OFAC and BHL, dated November 21, 2023, which is available at https://ofac.treasury.gov/system/files/2023-11/20231121_binance_settlement.pdf. The OFAC Settlement Agreement is referenced repeatedly in the Amended Complaint. (*See, e.g.*, AC ¶¶ 40, 123, 362.)

4.     Annexed hereto as Exhibit 3 is a true and correct copy of the Consent Order between the Commodity Futures Trading Commission and BHL, dated December 14, 2023, as ordered by the court in Commodity Futures Trading Commission v. Changpeng Zhao, et al., No. 23 Civ. 01887, (N.D. Ill. 2023) (ECF No. 80), (the "CFTC Consent Order"). The CFTC Consent Order is referenced repeatedly in the Amended Complaint. (*See, e.g.*, AC ¶¶ 40, 71 121, 334.)

5.     Annexed hereto as Exhibit 4 is a true and correct copy of the Plea Agreement between the U.S. Department of Justice ("DOJ") and BHL, dated November 21, 2023, and filed in United States v. Binance Holdings Limited, No. 2:23 Cr. 00178 (W.D. Wash. 2023) (ECF No. 23), (the "BHL Plea Agreement"). The BHL Plea Agreement is referenced in the Amended Complaint. (*See, e.g.*, AC ¶¶ 40, 121.)

6.     Attached hereto as Exhibit 5 is a true and correct copy of excerpts of the transcript of the conference before Judge Vargas in the District Court for the Southern District of New York in *Troell et al. v. Binance Holdings Ltd.*, No. 24-cv-7136 (S.D.N.Y.) on November 25, 2025.

7.     Plaintiffs filed an affidavit of service alleging that service was made upon BHL on January 12, 2026, at "Sertus Chambers, Governors Square, Suite #5-204, 23 Lime Tree Bay Avenue, P.O. Box 2547, George Town, Grand Cayman, KY1-1104, Cayman Islands." (ECF No.

15 ¶¶ 6-8 and Ex. A.) That is not BHL's service address, because it is not its business or mailing address, nor the address of any agent appointed to receive service on BHL.

8. On February 24, 2026, a conference was held in *Newman et al. v. Binance Holdings Ltd.*, No. 24-cv-134 (M.D. Ala.) ("*Newman*") before Magistrate Judge Chad W. Bryan. During that conference, the *Newman* court stated that the plaintiffs' approach in their amended complaint was to allege bad things that have happened and expect to survive a motion to dismiss on that basis, and "that just isn't enough." (Transcript of February 24, 2026 *Newman* Conference (*Newman* Dkt. 126) 26:11-15.) The court admonished the plaintiffs for "flood[ing] a complaint with such a volume of information and then expect[ing] defending parties or the Court to be able to fairly and correctly tie those theories back to a hundred-plus pages, three-hundred-plus paragraphs." (*Id.* 26:15-19.)

9. The court stated that the complaint references "all kinds of alleged criminal conduct by all kinds of entities," including "drug cartels," "human traffickers," "terrorist groups, including Hamas and PIJ," "other groups that don't seem to have a direct connection to this case," and "Iran, Syria, North Korea, Cuba" and "other sanctioned countries that, again, may or may not tie to what this case is about." (*Id.* 18:19-19:2.) The court stated that it found itself hundreds of "pages deep, you know, almost drowning in information, but [still] searching for knowledge that's relevant to this case." (*Id.* 19:4-6.)

10. The court further stated that plaintiffs have "an obligation to set out a short and plain statement that puts the defendants in a position to file a meaningful response." (*Id.* 26:21-23.) The court stated that it had hoped to avoid addressing the shotgun pleading arguments raised by BHL and the other defendants in the *Newman* case, but did not think he was able to do so with the plaintiffs' complaint. (*Id.* 32:12-15.)

11. The *Newman* court then stated that it likely would require Plaintiffs to amend their complaint for a second time and would order the motions to dismiss to be re-briefed before June 2026. (*Id.* 49:20-50:21.) As of the time of this filing, the court has not yet issued any order following the February 24 conference.

12. On February 26, 2026, two days after the conference in *Newman*, counsel for one of the *Newman* plaintiffs, Rahm Haggai, notified counsel for BHL that Mr. Haggai intended to seek to transfer his claims from the Middle District of Alabama to be consolidated with this action.

\*   \*   \*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 4, 2026

                                                    */s/ Christopher N. LaVigne*
                                                      Christopher N. LaVigne